# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE SINGER, | : | |
|     Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | Judge |
| | : | |
|     Defendants | : | |

Joseph C. Korsak, Esquire
Supreme Court ID:   22233
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA   16801
Phone: (814) 237-6255
Fax: (814) 237-5752
E-mail:   korsak@mazzalaw.com

# NOTICE OF LAWSUIT AND REQUEST
# FOR WAIVER OF SERVICE OF SUMMONS

TO:   THE PENNSYLVANIA STATE UNIVERSITY

A lawsuit has been commenced against you.  A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Middle District and has been assigned docket number _____ for this case.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the wavier is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service.  In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side (or at the foot) of the waiver form.

I affirm that this request is being sent to you on behalf of the Plaintiff this 13th day of November 2019.

By:   /s/ Joseph C. Korsak
Joseph C. Korsak, Esquire
Supreme Court Id:   22233
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA   16801
Phone: (814) 237-6255
Fax: (814) 237-5752 E-mail:
korsak@mazzalaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE SINGER, | : | |
|     Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | Judge |
| | : | |
|     Defendants | : | |

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A Defendant located in the United States who, after being notified of an action and asked by a Plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A Defendant who waives service must within the time specified on the waiver form serve on the Plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that Defendant. By waiving service, a Defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

_____           _____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE SINGER, | : | |
|     Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | Judge |
| | : | |
|     Defendants | : | |

## COMPLAINT

To the Honorable Judges of the United States District Court for the Middle District of Pennsylvania:

**COMES NOW**, the Plaintiff, Jamie Singer, by and through his attorney, the MAZZA LAW GROUP, by Joseph C. Korsak, Esq., and files the instant Complaint asserting as follows:

I.  **Preliminary Statement**

1. Jamie Singer, (hereinafter "Plaintiff"), brings this action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. _ 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. Mr. Singer seeks compensatory

1

        damages and other employment benefits which he lost as a result of Defendant's illegal actions, punitive damages, counsel fees, and costs.

## II. **Jurisdiction**

2. Jurisdiction of the Court over the Plaintiff's federal question claims is invoked pursuant to 28 U.S.C. § 1337; the Court's supplemental jurisdiction with respect to the claims arising under the PHRA is authorized by 28 U.S.C.A. § 1367. Jurisdiction is predicated upon Section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

3. Jurisdiction is further predicated upon 28 U.S.C. § 1331 and 1343(4). The court has pendent jurisdiction of the state law based claim.

4. Plaintiff filed timely charges with the PHRC, alleging that Defendant unlawfully discriminated against him in violation of the PHRA, and that such unlawful conduct was occurring on a continuous basis.

5. The EEOC, pursuant to its work sharing agreement with the PHRC, held Plaintiff's complaint in abeyance pending the outcome of the PHRC investigation.

6. The U.S. Department of Justice granted Plaintiff a Notice of Right to Sue upon her request.

7. This action has been filed within ninety (90) days of receipt of the Notice of Right to Sue.

III. **Parties**

8. Plaintiff, Jamie Singer, was and is a citizen of the United States and the Commonwealth of Pennsylvania, who resides and is domiciled at 1225 University Drive. State College, PA 16801.

9. Defendant Pennsylvania State University is believed to be a Pennsylvania corporation duly organized and chartered under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 208 Old Main Building, University Park, Pa.  Defendant is an employer as that term is defined in the Americans with Disabilities Act, 42 U.S.C. 12111 (5) and the Pennsylvania Human Relations Act.

IV. **FACTUAL ALLEGATIONS**

10. Plaintiff was a full time employee of the Defendant.

11. Plaintiff was and is a qualified individual with a disability, having been diagnosed with multiple sclerosis.

12. Plaintiff, with a reasonable accommodation, was able to perform services for the employer from his home.

13. Plaintiff, with a reasonable accommodation, could perform the essential functions of her job.

14. Despite repeated requests for accommodations, the Defendant refused to make any accommodation to Plaintiff's disability.

15. Defendant subsequently terminated Plaintiff's employment, refusing to offer any accommodation.

16. Plaintiff was at all times an employee of Defendant until he was terminated from his position.

V. **Statement of Claims**

### COUNT 1
### EEO

17. The allegations set forth in Paragraphs 1-16 are restated and incorporated by reference herein.

18. Plaintiff is a qualified individual with a disability.

19. Plaintiff was able to perform the essential functions of his position with reasonable accommodations for his disability.

20. Defendant's disparate treatment of Plaintiff and refusal to accommodate him was knowing, intentional, unreasonable and unlawful.

21. It was not an undue hardship for Defendant to accommodate Plaintiff in his position, nor was there any legitimate nondiscriminatory reason for Defendant to treat Plaintiff differently and less favorably in his terms, conditions, rights and privileges of employment, in comparison with those who are not disabled within the meaning of the statutes, and/or in comparison with those who did not request reasonable accommodation, or engage in other protected oppositional and/or participational activity.

22. Plaintiff was employed by Defendant as a computer professional. Plaintiff was, shortly before his termination, a systems developer, tasked to tasked to integrate accounting and billing application on SIMBA and then to maintain ITS enterprise microservice architecture in the software engineering department.

23. As a systems developer, Plaintiff repeatedly requested an accommodation for his disability; specifically, that he be allowed to work from home.

24. The request for an accommodation was ignored. Rather, the Defendant treated it as a request under the Family Medical Leave Act (FMLA).

25. Plaintiff was instructed to consume his paid time off; i.e., his sick and

vacation time.

26. On or about June 19, 2018, the PSU Board of Trustees approved Plaintiff's assignment to SIMBA, Penn State's enterprise project to implement a new system for integrated management budgeting, and accounting.

27. One of the debilitating elements of multiple sclerosis are "flare ups".

28. PSU finally permitted Plaintiff to work from home because of the "flare ups", but not until March 1, 2019.

29. From the time of Plaintiff's assignment to the SIMBA project, PSU management began systematic discrimination of Plaintiff.

30. Despite the fact that Plaintiff's work continued at high level of performance, his superiors undertook an effort to discredit him.

31. Plaintiff's immediate manager discredited Plaintiff's work and publicly berated him before fellow employees.

32. Plaintiff was advised that one of his superiors wanted to treat his work "as not meeting performance expectations".

33. Plaintiff was later determined to have worked in a manner that met expectations; in fact, he exceeded what was normally required because his immediate manager insisted on giving him more work that was

6

expected from other employees.

34. In fact, during this period, Plaintiff's work exceeded any reasonable expectation.

35. On February 14, 2019, Plaintiff was berated by his immediate supervisor, all done in the presence of other employees.

36. The supervisor's comments were untrue and uncalled for.

37. There was no basis for these accusations.

38. His supervisor complained that he did not take enough notes, when in fact he often used his phone and other technologies (email, Zoom recordings, etc.) to assist in recording/playback in note taking into projects' tasking systems

39. Before his entry to the SIMBA project, Plaintiff was told by one of his managers that she was requested to give a poor review.

40. At all times relevant, Plaintiff performed whatever tasks he was assigned in full and adequately.

41. On or about March 15, 2019, Plaintiff was dismissed from the SIMBA project and was reassigned to his next previous position.

42. Plaintiff again asked for an accommodation to be able to work from home but was denied.

43. Defendant's failure to accommodate Plaintiff, failure to engage Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the ADA.

44. Defendant acted with reckless disregard of the rights of Plaintiff to be free from discrimination and harassment, and his right to be provided a reasonable accommodation, because of his disability.

45. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law, in excess of $25,000.00.

46. Plaintiff is entitled to lost wages and benefits unlawfully denied, plus prejudgment interest, compensatory damages, the recovery of his reasonable legal fees and costs, and all other appropriate legal and equitable relief, including wage adjustment and recovery of out-of-pocket expenses he incurred due to the discrimination by Defendant in order to make him whole as required under the statutes.

## COUNT 2
## PHRA

47. The averments of clauses 1-46 above are incorporated by reference.

48. Defendant's failure to accommodate Plaintiff, failure to engage Plaintiff in the interactive process, and disparate treatment of Plaintiff violates the PHRA.

WHEREFORE, under Count 1, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the ADA.
B. Order Defendant to make whole Plaintiff, (1) by restoring his present salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.
C. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for her pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.
D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.
E. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.
F. Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.
G. Grant such further relief as the Court deems necessary and proper, including punitive damages.

WHEREFORE, under Count 2, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant and all persons in active concert or participation with it from engaging in any employment practice against Plaintiff which violates the public policy of nondiscrimination embodied in the PHRA.
B. Order Defendant to make whole Plaintiff, (1) by restoring his present

salary to the point where it would have been but for the discrimination and retaliation, (2) paying appropriate back pay with prejudgment interest, liquidated damages and/or other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

C. Order Defendant to pay compensatory damages to Plaintiff in an amount to reasonably compensate Plaintiff for her pecuniary and non-pecuniary losses for emotional pain, suffering and loss of enjoyment of life, to be determined at trial.
D. Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.
E. Order Defendant to pay front pay to Plaintiff to offset any future economic losses caused or contributed to by the discrimination and retaliation against Plaintiff.
F. Order Defendants to pay Plaintiff an additional amount to offset, to the greatest extent possible, the negative tax consequences of receiving the award of damages in a single tax-year, in order to effectuate the congressional intent expressed in the statutes, of securing to victims of discrimination make-whole relief.
G. Grant such further relief as the Court deems necessary and proper, including punitive damages.

          Respectfully Submitted,
          **MAZZA LAW GROUP, P.C.**

Date: 11/13/19          By: /s/ Joseph C. Korsak, Esq.
          Joseph C. Korsak, Esquire
          Supreme Court Id: 22233
          2790 W College Ave
          State College, Pa.   16801
          Telephone: (717)880-3759
          Fax: (814)237-5752
          Email: korsak@mazzalaw.com